UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| ROGERS V. ATKINS, Petitioner | CIVIL ACTION NO. 5:17-CV-1131-P |
|---|---|
| VERSUS | JUDGE S. MAURICE HICKS JR. |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Roger V. Atkins ("Atkins") (#101861). Atkins is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Atkins challenges his confinement pursuant an allegedly fraudulent commitment order.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I.  Background

In 1983, Atkins was convicted of second degree murder in the Fourth Judicial District Court, Morehouse Parish. See Atkins v. Cain, No. 3:13-CV-1917, 2015 WL 237252, at *1 (W.D. La. Jan. 16, 2015). Atkins's first petition for writ of habeas corpus in this Court was denied with prejudice on May 22, 1989. See Atkins v. Warden, No. 3:87–cv–1905 (W.D. La.). A subsequent writ application was denied without prejudice for failure to prosecute. See Atkins v. Warden, No. 3:97–cv–0142

(W.D. La.). Atkins's third habeas petition alleged a defect in the indictment that rendered his sentence illegal. See Atkins v. Cain, No. 3:13-CV-1917, 2015 WL 237252, at *1 (W.D. La. Jan. 16, 2015). The petition was deemed successive, the action was stayed, and Atkins was instructed to obtain authorization to file a second or successive § 2254 petition from the Fifth Circuit within sixty days or suffer dismissal. Atkins failed to obtain authorization, so his petition was dismissed. See Atkins v. Warden, Civil Action No. 3:00–cv–2488 (W.D. La.).

Atkins has since filed numerous motions in the Fifth Circuit, seeking authorization to file a second or successive habeas petition based on defects in the indictment. (Nos. 08-30808, 15-30091, 15-30618, 5th Cir.). Atkins's requests have been denied by the appellate court.

## II. Law and Analysis

Atkins contends he is challenging the "prison officials' authority to maintain their custody over him," and not "the constitutional validity of the actual judgment of conviction or the sentence itself." (Doc. 1-2, p. 3). Atkins specifically claims his commitment order is fraudulent, and the charging documents are void. (Doc. 1-2, p. 2). A challenge to the commitment order and charging documents imply the invalidity of the conviction and sentence and must be raised under § 2254. See Shabazz v. Warden, No. 15-CV-1686, 2015 WL 5016477, at *2 (W.D. La. Aug. 21, 2015) (challenge to order of commitment resulting from a conviction and sentence must be raised under § 2254); Whirty v. Stephens, No. 2:15-CV-0196, 2015 WL 12582734, at *1 (N.D. Tex. Oct. 2, 2015), report and recommendation adopted sub

nom. Whirty v. Davis, No. 2:15-CV-0196, 2016 WL 5231813 (N.D. Tex. Sept. 21, 2016) (challenge to validity of commitment order is considered under § 2254). Therefore, Atkins must proceed under § 2254.

Because Atkins has previously filed a § 2254 petition that was adjudicated on the merits, and because he raises a claim that could have been raised in an earlier petition, Atkins's petition is second or successive. See In re Cain, 137 F.3d 234, 235 (5th Cir. 1998). As this District Court noted in one of Atkins's prior habeas petitions:

> Petitioner's first habeas corpus was, as shown above, dismissed with prejudice. Each subsequent attempt to obtain authorization from the Fifth Circuit was rejected. As petitioner must now be aware, given the history of this litigation, before he may file a successive application in the district court, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing. See 28 U.S.C. § 2244(b)(3)(A) and (B). A review of the Fifth Circuit's PACER case index reveals that petitioner has not obtained permission to file the instant petition. Until such time as petitioner obtains authorization, this court is without subject matter jurisdiction and is unable to proceed. Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999); United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000); Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir. 2003).

Atkins v. Cain, No. 3:13-CV-1917, 2015 WL 237252, at *2 (W.D. La. Jan. 16, 2015).

### III. Conclusion

Because Atkins's claim arises under § 2254, and he has not obtained permission to file a second or successive petition, IT IS RECOMMENDED that the petition be DENIED AND DISMISSED for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from

3

service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __2nd__ day of November, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge